## In re FRANK EMMETT RICE.

No. A-10323.   Nov. 18, 1942.

(131 P. 2d 131.)

F. E. Riddle and R. R. Linker, both of Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Dixie Gilmer, Co. Atty. of Tulsa County, of Tulsa, for respondent.

BAREFOOT, P. J. Petitioner, Frank Emmett Rice, has filed in this court his petition for habeas corpus, seeking his release from the county jail of Tulsa county, upon the giving of reasonable bail. A hearing was had

before this court on the 15th day of September, 1942, after rule to show cause had been made, and the following order was entered:

"Order

"Now, on this, the 15th day of September, 1942, came on regularly to be heard the above entitled petition for writ of habeas corpus, the petitioner appearing by his attorneys, F. E. Riddle and R. R. Linker, and no appearance is made by the respondent and no response filed, although rule to show cause was served upon the respondent on the 10th day of September, 1942.

"Upon due consideration of the petition and after a hearing upon same, it is ordered, adjudged and decreed that petitioner be granted bail in the sum of twenty-five hundred dollars ($2,500) in the two cases pending against him in the District Court of Tulsa County, numbers 10370 and 10371, said bond to be executed and filed with the Court Clerk of Tulsa County, and upon the approval of same by the Court Clerk of Tulsa County petitioner to be discharged pending his trial in the District Court of Tulsa County. Opinion upon this petition to follow at a later date."

The facts upon which this order was based were as follows: The mother of petitioner, Ruth Rice, filed a petition in the county court of Tulsa county on May 3, 1941, praying for an order for admission of petitioner to the Eastern Oklahoma State Hospital at Vinita, Oklahoma, by reason of insanity: that on the 5th day of May, 1941, an order was entered by the county judge of Tulsa county adjudging petitioner insane and ordering his confinement in the said Eastern Oklahoma State Hospital at Vinita, to be kept and detained until legally discharged; that petitioner was, on the 15th day of May, 1941, charged in the district court of Tulsa county with the crime of robbery with firearms on the 26th day of April, 1941; and that on the 15th day of May, 1941, he was charged by a second information in Tulsa county with the com-

mission of the crime of robbery with firearms on the 27th day of April, 1941. It is further alleged that petitioner remained in the state institution at Vinita until the 6th of March, 1942, at which time he was discharged as having been cured and of sound mind, but at the same time was committed to the county jail of Tulsa county without bail by reason of the two charges above referred to; that on the 14th day of June, 1942, petitioner filed a petition for habeas corpus before Judge Oras A. Shaw, district judge of Tulsa county, and that by reason of said petition an order was made admitting petitioner to bail in the sum of $2,500 in each of said two cases; that said bail was duly executed and petitioner was released from jail; that while petitioner was at liberty on bail, and on the 28th day of August, 1942, petitioner was again arrested upon the above charges and placed in the county jail of Tulsa county, and "that without any witnesses being sworn or any testimony being introduced or any hearing had, other than the recommendation of the assistant county attorney, the court", presided over by a different district judge than the one who granted the original bail, "raised the amount of bail in each case to the sum of ten thousand dollars and ordered petitioner held in jail until said bond was executed."

In the petition filed by petitioner certain legal questions are raised with reference to petitioner's confinement which we do not deem it necessary to pass upon at this time. At the time of hearing upon this petition on the 15th day of September, 1942, and at which time evidence was heard, this court was of the opinion that petitioner should be granted bail in the sum of $2,500 for his appearance in each of the cases pending against him. The order above quoted was then entered.

For the reasons above stated, the writ of habeas corpus is granted, in compliance with the terms of the order entered on the 15th day of September, 1942.

DOYLE and JONES, JJ., concur.